**FILED**

JUL 31 2008

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Andrea Peterson )
9700 Commons East Drive, Apt I )
Charlotte, NC 28277 )
312-208-9401 )
 )
    Plaintiff )
 )
 )
Vs. )  Case: 1:08-cv-01326
 )  Assigned To : Roberts, Richard W.
 )  Assign. Date : 7/31/2008
 )  Description: Employ. Discrim.
Archstone (formerly Archstone-Smith Trust) )
2345 Crystal Drive )
Arlington, VA 22202 )
 )
Archstone (formerly Archstone-Smith Trust) )
9200 E. Panorama Circle, Ste 400 )
Englewood, CO 80112 )
 )
    Defendants )

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, Andrea Peterson, Pro Se and for her complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for discrimination in employment brought pursuant to the Age Discrimination in Employment Act (ADEA) of 1967, as codified, 29 U.S.C. §§ 621-634 Plaintiff Peterson allege that Defendant, Archstone discriminated against plaintiff because of her age. U.S.C. § 623(a)(1) states; "It shall be unlawful for an employer— to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;"

RECEIVED the ADEA is based on an important policy and fact - that ability, not age, should be

JUL 21 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

the determining factor in employment decisions

3. This action is also brought pursuant to the District of Columbia Human Rights Act, Subchapter II, Prohibited Acts of Discrimination, Part B Employment § 2-1402.11 Prohibitions (a)(1) General. "It shall be an unlawful discriminatory practice to do any of the following acts, wholly or partially for a discriminatory reason based upon the actual or perceived: race, color, religion, national origin. sex, age, marital status, personal appearance, sexual orientation, gender identity or expression, family responsibilities, genetic information, disability, matriculation, or political affiliation of any individual: (1) *By an employer* - To fail or refuse to hire, or to discharge, any individual; or otherwise to discriminate against any individual, with respect to his compensation, terms, conditions, or privileges of employment, including promotion; or to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities, or otherwise adversely affect his status as an employee;"

4. Plaintiff also seeks relief under Part B, Employment § 2-1402.11 (4)(B) of the Human Rights Act and Part G, other Prohibited Practices § 2-1402.61, Coercion or retaliation

5. Plaintiff will show that (1) plaintiff is over 40 years and is a member of the protected class; (2) that plaintiff applied for and was qualified for numerous positions; (3) that plaintiff was rejected despite her qualifications; and (4) that Archstone ultimately filled an unknown but significant number of positions with candidates sufficiently younger to allow an inference of age discrimination

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 and 1345

7. Venue in the District Court of the District of Columbia is appropriate as this is a

multijurisdictional case. The act of discrimination took place when Plaintiff applied for employment in the District of Columbia, State of Maryland and the State of Virginia

## PARTIES

8. Plaintiff Andrea Peterson is a citizen of the United States of America and is currently a resident of Charlotte, North Carolina. At all relevant times, she has been over the age of 60 years.

9. Defendant, Archstone, was acquired by Tishman Speyer & Lehman Brothers' in 2007. Prior to this acquisition the company was known as Archstone-Smith Trust. Archstone, a Maryland Real Estate Investment Trust, is one of the largest apartment investment companies in the United States. It owns over 57,000 apartment units in desirable locations including; Washington, DC (40% of its portfolio); Southern California; New York City; and Boston. Defendant principal executive office is located at 9200 E. Panorama Circle, Ste 400, Englewood, CO 80112. A Regional Office is located at 2345 Crystal Drive, Arlington, VA 22202. The Company also offers extended stay properties through Oakwood worldwide.

10. Defendant's Investor Relations web site provides a link to a 10K that states Maryland is the "state or other jurisdiction of incorporation or organization." A search of the records of the Secretary of State for Maryland confirm that Archstone is a Maryland Real Estate Investment Trust and indicates the Registered Agent for service and process is National Registered Agents, Inc. of MD, 2nd floor, 836 Park Ave., Baltimore, MD 21201. No Registered Agent is shown in the District of Columbia for defendant

## FACTUAL INFORMATION

11. In November 2006 Plaintiff sent Archstone a letter, resume and other information supporting her candidacy, and expressed an interest in employment with a

company who plaintiff expressed had values consistent with her own. Plaintiff expressed interest in consideration for Property Management positions to include Community Manager, Assistant Community Manager, Concierge, Leasing Consultant and Operations Manager on either a full or part time basis

12. Plaintiff received a number of emails inviting her to attend a Job Fair at an Archstone managed property located in the District of Columbia

13. At the Job Fair Plaintiff observed the Archstone personnel were all younger individuals as were all of the candidates. Seeing this plaintiff wondered if she would be given serious consideration given her age

14. Plaintiff was interviewed by a Archstone Operations Manager who expressed a favorable opinion in her candidacy and asked that plaintiff meet with a more senior manager

15. Plaintiff was interviewed by the senior manager who expressed that plaintiff has the Skills, experience and qualifications for a General Manager position and asked if plaintiff would be interested in the position. He explained that the difference in responsibility between the Property/Community Manger and General Manager positions is the addition to the General Manager responsibilities for a commercial/retail component

16. Plaintiff was subsequently invited into Archstone Regional office and was interviewed by an Operations Manager for a 400+ unit Resident/Community Manager position in Virginia

17. In follow up to the interview, Plaintiff sent a thank you letter and shared additional skills and experience that she believed enhanced her qualifications for the position. Plaintiff was later advised by the HR recruiter that she was not selected for the position

18. Plaintiff maintained ongoing telephone and email contact with a Human Resource Recruiter at defendants headquarters in Colorado during which plaintiff continued to express her interest in both full and part time positions for Leasing Consultant,

Concierge, Community Manager, Assistant Community Manager, General Manager, Customer Service Associate (herein after referred to as the "positions"), all positions at lower levels than the General Manger position that Archstone managers expressed to plaintiff that she has the qualifications to fill

19. Plaintiff regularly checked defendant's web site. Plaintiff observed that defendant had on average 20+ openings monthly for the positions in the MD/DC/VA area posted

20. Defendant continued to recruit for positions that plaintiff was qualified to fill. Plaintiff does not recall a period when defendant had less than one hundred (100) positions posted on the company web site. The numbers of positions open in MD/DC/VA were proportionate to the 40% of defendants apartment portfolio in the MD/DC/VA market.

21. During the period from November 2006 to November 2007 plaintiff estimates that Archstone posted and filled in excess of 200 positions and held numerous job fairs.

22. Plaintiff advised the HR Recruiter that she wanted to be considered for all positions and would accept positions that she had expressed an interest in consideration that were lower in level than the positions she had been interviewed for. Plaintiff also expressed her confidence in the combination of her skills, experience and abilities and that the added value she would provide would cause her to advance in the company

23. When Plaintiff was advised at the regional office interview and in discussion with the Recruiter of the compensation level of the various positions plaintiff responded that the compensation level was acceptable and that she did not expect to be compensated commensurate with roles of greater responsibility that she previously held in her career

24. To further market and highlight her qualifications plaintiff conducted a side by side analysis of her skills and qualifications versus the requirements in defendants job description for a Community Manager position to further demonstrated her skills qualifications and competencies to do the work, and provided this analysis to defendant

25. Plaintiff was licensed as a Real Estate Salesperson and Real Estate Broker and created

a spreadsheet analysis of the training content that resulted in this certification as compared to the content requirements for five (5) of the most significant Property Management Certifications and Designations in order to further demonstrate her skills and qualifications for the positions applied for and sent this to defendant to further highlight her qualifications to do the work

26. In response to plaintiff inquiries for positions, defendant's HR Recruiter would advise plaintiff that she would speak with the Hiring Manager(s). However plaintiff was not asked to interview for any of the positions she expressed an interest in being considered for

27. A day prior to plaintiff filing this action defendant's company web site has posted numerous positions with titles similar to positions that plaintiff had applied and is qualified to fill

28. In late 2006 plaintiff became homeless and lived in homeless shelters from December 2007 to January 2008. Plaintiff continued searching for employment. Believing that it would increase her employment chances plaintiff enrolled and took the training to become licensed in Maryland as a Real Estate Salesperson. There was not a reciprocity agreement between Illinois, where plaintiff had previously through self study took and passed the Illinois examinations for Real Estate Salesperson and Real Estate Broker, and Maryland

29. Plaintiff continued to reassert to defendant her interest in all positions both full and part time and that she wanted to be considered for even the concierge positions that were posted on the company web site

30. Upon successful completion of the real estate training class, plaintiff studied, prepared and passed the licensing exam and therein completed the requirements for a Maryland Real Estate Salesperson

31. Plaintiff continued to pursue employment with defendant Archstone after filing an EEOC charge in July 2007. In October 2007 Plaintiff sent defendant a letter to advise that she had taken and passed the Maryland Real Estate Sales person exam and was writing to add this information to her skills and qualifications for property management positions. Plaintiff letter included by way of refresher, some highlights of plaintiff qualifications

32. Plaintiff subsequently had a telephone interview/discussion with another defendant HR Recruiter. He informed plaintiff that he would eliminate candidates who's previous salary was greater than the salaries for property management positions he sought to fill. Plaintiff expressed to defendant representative that she viewed this as a career change and did not have an expectation to be paid commensurate with compensation levels of more senior roles and responsibilities in her employment history. Plaintiff also expressed that she had been told what the compensation levels are for positions and that those salaries were acceptable to her.

33. Given plaintiff human resource background and the knowledge that this selection criteria could have a disparate impact, plaintiff sought to show defendant representative how his criteria could result in a loss of otherwise qualified candidates such as individuals who are making career changes and could afford to take a reduction in salary. Plaintiff also pointed out that these individuals would be doing work they enjoy and research indicates that this type individual make excellent and more productive employees. Plaintiff was surprised when defendant representative restated his statement that this is his process.

34. Though plaintiff was surprised plaintiff continued to express her interest in positions that continued to be posted on defendant's company web site

35. After approximately one year in the process with defendant, in October 2007, plaintiff received communication from defendant representative that defendant had decided not to move forward in the process with plaintiff. The communication further stated that

plaintiff should be assured that defendant decision in no way reflects negatively on plaintiff credentials

36. Plaintiff responded to the email and stated that she was surprised by defendant Archstone's, decision not to "move forward in the process with you". She expressed that she appreciated defendant's words that their decision did not in any way reflect negatively on her credentials. However she was confused given the interest and feedback that her qualifications are suitable for a General Manager position expressed at the job fair and, that Archstone had any number of positions for which Archstone was actively seeking candidates. Plaintiff restated her continued interest in positions with Archstone and requested that defendant share the reason defendant had now decided to communicate that they would not consider plaintiff for open positions

37. Defendant did not provide any further clarification

### CLAIMS FOR RELIEF AGAINST DEFENDANT ARCHSTONE

38. Pursuant to the Age Discrimination in Employment Act, U.S.C. § 623(a)(1), Defendant, Archstone discriminated against plaintiff when defendant did not hire plaintiff for multiple positions that plaintiff applied for, and was qualified to fill

39. Defendant is in violation of the DC Human Rights Act, Subchapter II, Prohibited Acts of Discrimination, Part B Employment § 2-1402.11 (a)(1) which states; "It shall be an unlawful discriminatory practice to do any of the following acts, wholly or partially for a discriminatory reason based upon the actual or perceived: race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, gender identity or expression, family responsibilities...."

40. Plaintiff applied for and has the qualifications for multiple positions yet plaintiff continued to seek applicants from persons with the same or less than plaintiff's qualifications.

41. Plaintiff alleges that defendant filled numerous positions with younger candidates in positions that defendant was qualified to fill

42. Defendant recruiter affirmed plaintiff qualifications in his statement that defendant decision not to proceed did not reflect negatively on plaintiff credentials

43. The ADEA U.S.C. § 623(a)(1) states that it is unlawful for an employer to fail or refuse to hire any individual or otherwise discriminate against any individual with respect to his compensation... Defendant stated selection criteria not to consider applicants whose salary history is greater than defendant positions is also discriminatory under the Act

44. The DC Human Rights Act, Subchapter II, Prohibited Acts of Discrimination, Part B Employment § 2-1402.11 (a)(1)also states that it is unlawful for an employer "to fail or refuse to hire, or to discharge any individual: or otherwise to discriminate against any individual, with respect to his compensation, terms, conditions; or privileges of employment..."

45. Defendant selection process further discriminated against plaintiff in defendants stated policy and practice not to consider candidates whose salary history was greater than positions defendant was seeking to fill and as well has a disparate impact

46. Plaintiff had expressed in many discussions that she understood that the compensation level was lower and that she wanted to be considered, did not have an expectation to be paid at the level of many of the roles in her employment history that were of higher level responsibility, and believed that she would advance from the lower level.

47. Plaintiff viewed the salary from the positions she applied for as a supplement to her social security income that plaintiff received that would have allowed plaintiff to at minimum meet the requirement that no more than 30% of income could be considered for housing and allow plaintiff to end her homelessness.

48. The additional income would have allowed plaintiff to qualify for housing under the Maryland Moderately Priced Dwelling Unit Program, and similar programs in other

neighboring jurisdictions, for which plaintiff had received approval. In addition plaintiff would also have been eligible for discounted housing in one of defendant properties

49. Defendant retaliated against plaintiff and discontinued plaintiff consideration for any positions in October 2007 when defendant communicated to plaintiff that defendant would not move forward in the process with plaintiff, a violation of both the ADEA and the DC Human Rights Act, Subchapter II, Prohibited Acts of Discrimination, Part G, § 2-1402.61. Plaintiff alleges that this decision after one year of discussions was in retaliation for plaintiff filing of the EEOC charge against defendant

WHEREFORE plaintiff prays this honorable court for the following relief:

Award pursuant to § 16 and 17 of the FLSA, 29 U.S.C. §§ 215, 216, 217, 626 which are the applicable relief provisions under the ADEA and any other applicable provisions to the ADEA or ADEA case history

Award pursuant to Title VII that allows for compensatory damages for emotional pain, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses and other damages e.g. payment of attorney fees...

Award such other and further relief this Court deems just

Respectfully submitted

*[signature]*

Andrea Peterson, Pro Se
9700 Commons East Drive
Apartment I
Charlotte, NC
312-208-9401

7/18/08

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Andrea Peterson<br>9700 Commons East Drive<br>Apartment I<br>Charlotte, NC 28277 | From: Washington Field Office<br>1801 L Street, N.W.<br>Suite 100<br>Washington, DC 20507 |

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 570-2007-01959 | Janet Stump,<br>Enforcement Supervisor | (202) 419-0736 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

_Janet A. Stump for_
Dana Hutter,
Director

APR 17 2008
(Date Mailed)

cc: Tracy Arcaro Burns
Littler Mendelson
1150 17th Street, NW
Suite 900
Washington, DC 20036

**08 1326**
**FILED**
JUL 31 2008
Clerk, U.S. District and
Bankruptcy Courts

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
ANDREA PETERSON

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88880
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
ARCHSTONE (FORMERLY ARCHSTONE-SMITH TRUST) ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:08-cv-01326
Assigned To : Roberts, Richard W.
Assign. Date : 7/31/2008
Description: Employ. Discrim.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
- ☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Immigration**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus- Alien Detainee
- ☐ 465 Other Immigration Actions

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)

- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.

- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

[2]

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br><br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**☒ ORIGIN**
☒ Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 2000

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐    DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE 7/31/08    SIGNATURE OF ATTORNEY OF RECORD  *NCD*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

\forms\js-44.wpd