## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANDREA PETERSON,

      **Plaintiff,**

      v.

ARCHSTONE COMMUNITIES LLC
(Formerly Archstone-Smith Trust),

      **Defendant.**

Case No. 08-1326 RWR

## DEFENDANT ARCHSTONE COMMUNITIES, LLC'S MOTION TO DISMISS
## OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant Archstone Communities, LLC[1] ("Archstone" or "Defendant"), through counsel, hereby moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint filed by Plaintiff Andrea Peterson ("Plaintiff" or "Ms. Peterson"). To the extent the Court may consider materials outside the pleadings in reaching its decision, Archstone asks that the Court apply Federal Rule of Civil Procedure 56, for that limited purpose, as permitted by Federal Rule of Civil Procedure 12(d).

Plaintiff's federal claims brought under the Age Discrimination in Employment Act ("ADEA") are time-barred as Plaintiff failed to file her Complaint within 90 days of receiving her "Notice of Right to Sue" from the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's ADEA-based retaliation claim also fails because Plaintiff failed to allege retaliation in her administrative Charge of Discrimination, and because the alleged retaliatory acts preceded Defendant's knowledge of her protected activity. In addition, Plaintiff's claims under the

---

[1] Plaintiff's Complaint incorrectly names "Archstone" as the Defendant. The proper corporate entity is Archstone Communities, LLC.

DCHRA must be dismissed because none of the alleged adverse actions occurred in Washington, D.C. Consequently, Ms. Peterson's suit must be dismissed in its entirety.

In support of this Motion, Archstone respectfully refers the Court to the pleadings, exhibits filed herein, and the accompanying Memorandum of Points and Authorities. Archstone requests a hearing on this Motion.

Dated: August 28, 2008                    Respectfully Submitted,

                                          LITTLER MENDELSON, P.C.

                                          By:/s/ Nancy N. Delogu _____

                                          Nancy N. Delogu (Bar No. 452997)
                                          S. Libby Henninger (Bar No. 976352)
                                          1150 17th Street N.W., Suite 900
                                          Washington, DC  20036
                                          202.842.3400

                                          Counsel for Archstone Communities, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of August 2008, a copy of the foregoing Motion to Dismiss was served upon Plaintiff, *pro se*, by placing a copy in the U.S. Mail, postage prepaid, and addressed to:

> Andrea Peterson
> 9700 Commons East Drive
> Apartment I
> Charlotte, NC  28277

> <u>/s/ Nancy N. Delogu</u>
> Nancy N. Delogu

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANDREA PETERSON,

        **Plaintiff,**

        v.

ARCHSTONE COMMUNITIES, LLC
(Formerly Archstone-Smith Trust),

        **Defendant.**

**Case No. 08-1326 RWR**

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ARCHSTONE COMMUNITIES, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

## I.    INTRODUCTION

Defendant Archstone Communities, LLC[1] ("Archstone" or "Defendant) has brought a motion before the Court, pursuant to Fed. R. Civ. Pro. 12(b)(6) to dismiss the Complaint filed by Plaintiff Andrea Peterson ("Ms. Peterson" or "Plaintiff"). In her Complaint, Plaintiff alleges that Archstone discriminated and retaliated against her on the basis of her age by failing to hire her, in violation of the Age Discrimination in Employment Act ("ADEA") and the District of Columbia Human Rights Act ("DCHRA").

Archstone has moved to dismiss Plaintiff's Complaint, which fails to state a viable claim, for several reasons. First, with regard to claims brought under the ADEA, these must be dismissed as Ms. Peterson failed to file her Complaint within 90 days of receiving her Notice of Right To Sue from the Equal Employment Opportunity Commission ("EEOC"). Second, Ms. Peterson's claim for retaliation under the ADEA is barred as she failed to exhaust her

---

[1] Plaintiff's Complaint incorrectly names "Archstone" as the Defendant. The proper corporate entity is Archstone Communities, LLC.

administrative remedies by filing a Charge of Discrimination alleging retaliation prior to bringing this action. Third, Ms. Peterson's claims for retaliation brought pursuant to both the ADEA and the DCHRA fail because Archstone could not have retaliated against her before it was aware that she had engaged in protected activity. Finally, Ms. Peterson fails to state a claim under the DCHRA as none of the alleged adverse actions attributed to Defendant in her Complaint occurred in Washington, D.C. For these many reasons, the Complaint must be dismissed in its entirety.

## II.    STATEMENT OF FACTS

In early November 2006, Ms. Peterson attended a job fair held by Archstone, where she met with a recruiter for the Company. *See* Complaint at ¶¶ 11, 13. Based upon her résumé, Ms. Peterson was subsequently invited to an interview with an Archstone Operations Manager for an available Maryland-based Community Manager position. *See* Complaint at ¶ 14. Following this interview, on November 6, 2006, Archstone informed Ms. Peterson that it had decided not to further pursue her candidacy for the Community Manager position as there were "other candidates whose skills more closely matched the requirements for this position." *See* Exhibit 1, Correspondence to Ms. Peterson and Complaint at ¶ 17. In October 2007, Ms. Peterson contacted by telephone another Archstone recruiter, who is located in Englewood, Colorado, to inquire about positions with the Company. *See* Complaint at ¶ 32. At that time, Archstone informed Ms. Peterson that it was not interested in pursuing employment opportunities with her. *See* Complaint at ¶ 35.

Plaintiff alleges in her Complaint that she filed a Charge of Discrimination against Archstone with the EEOC in July 2007. *See* Complaint at ¶ 31. However, Archstone first

learned of her claims when it received a Charge dated January 29, 2008.[2]  *See* Exhibit 2, Charge

of Discrimination.  In that Charge, Ms. Peterson indicated only that she believed she had been

subjected to discrimination based upon her age.  *See id.*  Archstone subsequently received an

Amended Charge of Discrimination, dated February 18, 2008, in which Ms. Peterson again

claimed that Archstone failed to hire her due to her age.  *See* Exhibit 3.  The "retaliation" box on

the first page of the Amended Charge was not checked, nor did the Amended Charge indicate in

any way that that Plaintiff believed Archstone had retaliated against her.  The EEOC mailed

Plaintiff a Notice of Right to Sue ("Right-to-Sue letter") on April 17, 2008.  *See* Notice of Right

to Sue, attached to Plaintiff's Complaint.  Plaintiff's Complaint was filed with this Court on July

31, 2008.  *See* Complaint.

## III.    ARGUMENT

### A.    Standard Of Review.

Federal Rule of Civil Procedure 12(b)(6) directs the federal district courts to dismiss a

cause of action when it fails to state a claim upon which relief can be granted.  *Weyrich v. The

New Republic, Inc.,* 245, 235 F.3d 617, 623 (D.C. Cir. 2001).  While this Court must accept the

well-pleaded facts as alleged in the Complaint as true, dismissal is proper pursuant to Rule

12(b)(6) when it appears that there is no set of facts the Plaintiff can prove that would entitle her

to the relief sought in the Complaint.  *See Holy Land Found. for Relief & Dev. v. Ashcroft*, 333

F.3d 156, 165 (D.C. Cir. 2003); *Campbell-El v. District of Columbia*, 874 F. Supp. 403, 406

(D.D.C. 1994); *Mills v. Home Equity Group*, 871 F. Supp. 1482, 1484 (D.D.C. 1994).  Motions

to dismiss for failure to exhaust administrative remedies are appropriately analyzed under Rule

---

[2] The January 29, 2008 Charge did not contain any allegations against Archstone.  Instead, it merely stated that "no action is required by [Archstone] at this time" and that "[a] copy of perfected charge will follow at a later date."  *See* Exhibit 2.

12(b)(6). *See Hazel v. Wash. Metro. Area Transit Auth.*, 2006 U.S. Dist. LEXIS 89139 (D.D.C. Nov. 30, 2006).

If, on a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), matters outside the pleading are presented to and not excluded by the court, the motion should be treated as one for summary judgment and disposed of as provided for under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d). In such a case, summary judgment should be granted if the evidence shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**B.    Plaintiff Failed to File This Lawsuit Within 90 Days of Receiving Her Right-To-Sue Letter, Rendering Her Federal Claims Time-Barred.**

Plaintiff may not bring an age discrimination or retaliation claim against Archstone pursuant to the ADEA because she failed to file this action within 90 days of receiving her Right-to-Sue letter. The ADEA provides that an individual must file a claim in court within 90 days of receiving her Right-to-Sue letter from the EEOC. *See* 29 U.S.C. § 626(e); *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149-50 (1984). The EEOC mailed Ms. Peterson's Right-to-Sue letter to her on April 17, 2008. *See* Right-to-Sue letter, attached to Plaintiff's Complaint. The Right-to-Sue letter mailed to Plaintiff specifically states:

> The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

*See id* (emphasis in the original).

Despite this warning, Plaintiff's Complaint was not filed until July 31, 2008 – **105 days** after the Right-to-Sue letter was issued. Accordingly, Ms. Peterson's ADEA-based claims are

untimely and must be dismissed. *Smith-Haynie v. District of Columbia,* 155 F.3d 575, 577 (D.C. Cir. 1998) (dismissing suit filed 92 days after plaintiff received final agency decision); *Smith v. Dalton*, 971 F. Supp. 1, 2-3 (D.D.C. 1997) (dismissing suit for claims brought under the ADEA and Title VII filed after 91 days of receiving the right-to-sue letter); *Anderson v. Local 201 Reinforcing Rodmen*, 886 F. Supp. 94, 97 (D.D.C. 1995) (holding that "a court cannot extend the limitations period by even one day" and dismissing a claim filed 97 days after receipt of right-sue-letter dismissed as untimely). Because Ms. Peterson failed to timely file her Complaint, the claims that she has brought under the ADEA should be dismissed.

**C.    Ms. Peterson's ADEA Retaliation Claim Must Be Dismissed Because She Failed to File a Charge of Retaliation with the EEOC.**

In ADEA cases, a prerequisite to commencing a federal court action is the filing of a timely administrative charge of with the Equal Employment Opportunity Commission. 29 U.S.C. § 626(d). Prior to bringing this action, Ms. Peterson failed to allege that Archstone had engaged in any conduct that could constitute retaliation pursuant to the ADEA. Neither of her EEOC Charges contain any reference to alleged retaliation, although both postdate the alleged retaliation. *See* Exhibits 2 and 3.[3]

The first Charge filed by Ms. Peterson, dated January 29, 2008, indicated only that Ms. Peterson believed she had been subjected to age discrimination. *See* Exhibit 2. On the subsequent Amended Charge, dated February 18, 2008, Plaintiff again checked only the "age" box on the form and for the first time set forth specific allegations regarding Archstone's failure to hire her for a position within the Company. *See* Exhibit 3. Nowhere in that Amended Charge does Plaintiff allege, either expressly or implicitly, that she believed she was the victim of

---

[3] Archstone is asking that this Motion be considered a motion for summary judgment under Fed. R. Civ. P. 56(c) only to the extent that the underlying Charges of Discrimination constitute matters outside of the pleadings.

unlawful retaliation. *Id.* The Amended Charge also fails to identify any potentially retaliatory actions allegedly taken against her. *Id.* Consequently, Archstone has had no notice of Ms. Peterson's allegations of unlawful retaliation, and the EEOC had no opportunity to investigate and conciliate such a claim. This failure to pursue her claim through the administrative process bars her from pursuing a claim of retaliation now. *See Coleman-Adebayo v. Leavitt*, 326 F. Supp. 2d 132, 138 (D.D.C. 2004) (allegations of retaliation must be raised in the administrative process or are barred).

The allegations contained in a particular EEOC charge "generally operate to limit the scope of any subsequent judicial complaint." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962-963 (4th Cir. 1996) (citation omitted). "It is only logical to limit the permissible scope of a civil employment discrimination action to the scope of the Equal Employment Opportunity Commission (EEOC) investigation which can reasonably be expected to grow out of the charge of discrimination." *Ivey v. District of Columbia,* 949 A.2d 607 (D.C. 2008); *Hampton v. Schafer,* --- F. Supp. 2d ----, 2008 WL 2515856 (D.D.C., June 25, 2008). Accordingly, a charging party may not expand the claims contained in her civil suit to claims of a type not mentioned in or related to the charge of discrimination which was filed.

Courts routinely dismiss retaliation claims not included in an EEOC charge when the alleged retaliatory acts predate the filing of the charge. A plaintiff may not enlist court's aid as to Title VII claims never presented for agency consideration. *Loe v. Heckler*, 768 F.2d 409 (D.C. Cir. 1985); *see also Riley v. Technical & Mgmt. Servs. Corp.,* 872 F. Supp. 1454, 1460 (D. Md. 1996), *aff'd without opinion*, 79 F.3d 1141 (4th Cir. 1996) (alleged acts of retaliation occurring prior to the filing of an EEOC charge must be included in that charge in order to exhaust administrative remedies); *Romero-Ostolaza v. Ridge*, 370 F. Supp. 2d 139, 148-50 (D.D.C. 2005)

(a plaintiff must generally exhaust her administrative remedies with respect to each discrete act of retaliation).

Ms. Peterson claims that she was subjected to retaliation because she filed a Charge with the EEOC in July 2007 and was subsequently told by Archstone in October 2007 that it was not interested in pursuing employment opportunities with her.  *See* Complaint at ¶¶ 31, 35.[4]  Not only did Ms. Peterson's original Charge Of Discrimination, dated January 2008, not reference retaliation, she failed to include any such allegation in the Amended Charge filed on February 18, 2008.  *See* Exhibit 3.  Nowhere in the Amended Charge does Plaintiff make any allegation which could reasonably be construed as a claim of retaliation.  *See id.*  Ms. Peterson has failed to exhaust her administrative remedies with regard to this claim and, consequently, her claim for retaliation under the ADEA must be dismissed.

> **D.    Ms. Peterson's Retaliation Claims Fail Because Archstone Had No Knowledge of Plaintiff's Protected Activity Prior to Taking Adverse Action Against Her.**

Ms. Peterson's claims of retaliation (based on both the ADEA and the DCHRA) are also barred as she cannot meet the threshold requirements necessary to state a cause of action.  To establish a *prima facie* claim of retaliation, Ms. Peterson must show that: (1) she engaged in statutorily protected activity that Archstone was aware of; (2) Archstone took an adverse personnel action against her; and (3) a causal connection exists between the two.  *See Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999*)*;  *Carter v. Pena*, 14 F. Supp. 2d 1, 9 (D.D.C. 1997), *aff'd*, 1998 U.S. App. LEXIS 10637, 1998 WL 315616 (D.C. Cir. 1998);  *Howard Univ. v. Green*, 652 A.2d 41, 45 (D.C. 1994) (the standard for retaliation claims under the DCHRA mirrors the standard governing federal claims).

---

[4] As previously stated, Archstone first learned that Ms. Peterson believed she had been discriminated against when it  received the Charge of Discrimination dated January 29, 2008. *See* Exhibit 2.  Plaintiff has not alleged that Archstone had become aware of her claims by other means.

Plaintiff alleges she engaged in the protected activity of filing an EEOC Charge against Archstone in July 2007, and that subsequently, Archstone retaliated against her (in October 2007) when a recruiter informed her that the Company did not want to pursue employment opportunities with her. *See* Complaint at ¶¶ 31, 35. However, Archstone was not made aware that Plaintiff had filed a Charge of Discrimination until it received a copy of a Charge dated January 29, 2008, approximately three months <u>after</u> the Company communicated to Ms. Peterson that it was not interested in further discussing the possibility of her employment with the Company. *See* Exhibit 2. Moreover, Ms. Peterson has not alleged that Archstone was aware that she had filed a claim of discrimination at any time prior to the time it received that Charge. In fact, Ms. Peterson also failed to allege that she believed she had been retaliated against even in her Amended Charge dated February 18, 2008.

Ms. Peterson must be able to that the adverse actions would not have occurred "but for" the protected activity. *See Kilpatrick v. Riley,* 98 F. Supp. 2d 9, 21 (D.D.C. 2000). However, without the requisite knowledge that a plaintiff has engaged in protected activity, a claim of retaliation must fail. *See Laboy v. O'Neill*, 180 F. Supp. 2d 18, 26 (D.D.C. 2001); *Frazier v. USF Holland, Inc.,* 2007 U.S. App. LEXIS 23797, *14 (6th Cir. Oct. 4, 2007) ("the decisionmaker's knowledge of the protected activity is an essential element of the *prima facie* case of unlawful retaliation)." As Ms. Peterson cannot show that Archstone was aware of her claims before it communicated its disinterest in hiring her in October 2007, she is unable to establish in her Complaint a *prima facie* claim for retaliation under either the ADEA or the DCHRA. This Court therefore should dismiss her claims of retaliation.

    **E.**    <u>**No Allegedly Discriminatory or Retaliatory Acts Occurred in the District of Columbia and Therefore Ms. Peterson Cannot Sue Pursuant to District of Columbia Law.**</u>

Plaintiff's Complaint alleges that Archstone's actions violated the age discrimination and retaliation provisions of the District of Columbia Human Rights Act. *See* Complaint at ¶¶ 3-5. The DCHRA prohibits employment discrimination and retaliation in the District of Columbia.

*See* D.C. Code §§ 2.1401.01 *et seq*.  Individuals who bring suit under the DCHRA must allege claims which have a sufficient nexus with the District in order to provide a District of Columbia court with jurisdiction to adjudicate those claims.  *See Quarles v. Gen. Inv. & Dev. Co.,* 260 F. Supp. 2d 1, 20-22 (D.D.C. 2003), *citing Honig v. District of Columbia Office of Human Rights*, 388 A.2d 887 (D.C. 1978); *Green v. Kinney Shoe Corp*., 704 F. Supp. 259 (D.D.C. 1988) (The DCHRA concerns all discrimination affecting jobs located in the District of Columbia).  Ms. Peterson's Complaint does not, however, contain any allegation of discrimination or retaliation purported to have occurred in the District of Columbia.

A review of the facts shows that following a 2006 job fair that occurred in the District of Columbia, Archstone expressed an interest in learning more about Ms. Peterson and her qualifications.  Complaint at ¶¶ 11, 13.  Shortly thereafter, Ms. Peterson interviewed with Archstone's Operations Manager in November 2006 for a position with one of Archstone's Maryland properties.  Ms. Peterson alleges that Archstone's decision not to hire her at that time was motivated by age discrimination.[5]  *See* Complaint at  ¶ 38.  Following this decision, in October 2007, Ms. Peterson spoke to a recruiter for the Company located in Englewood, Colorado, by telephone regarding open positions anywhere within the Company.  *See* Complaint at ¶32.  She alleges that the Company retaliated against her when the recruiter subsequently informed her that Archstone was not interested in pursuing further employment opportunities with her.  *See* Complaint at ¶¶ 35, 49.  In short, the only interaction between Archstone and Plaintiff that occurred within the District of Columbia was Plaintiff's participation at a job fair; this job fair led to a substantive interview, rather than any adverse employment decision. Moreover, that interaction occurred in 2006, more than a year before this suit was filed, and is therefore well outside the DCHRA's one-year statute of limitation.  *See* DCHRA, D.C. Code § 2-1403.16(a).

---

[5] Archstone notes that certain of Ms. Peterson's claims focus on acts that occurred more than a year before she filed her Charge of Discrimination, rendering them time-barred under both federal and District of Columbia law.

Ms. Peterson's Complaint therefore fails to allege any fact that could state a viable claim of employment discrimination or retaliation under District of Columbia law.  As such, Plaintiff fails to state a claim upon which relief can be granted under the DCHRA.  Plaintiff's claims brought pursuant to the DCHRA should therefore be dismissed by this Court.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Ms. Peterson's Complaint fails to state a claim either under the ADEA or the DCHRA.  Archstone therefore asks this Court to dismiss her Complaint entirely.

Dated:  August 28, 2008                     Respectfully Submitted,

                                            LITTLER MENDELSON, P.C.


                                            By: /s/ Nancy N. Delogu
                                               Nancy N. Delogu (Bar No. 452997)
                                               S. Libby Henninger (Bar No. 976352)
                                               1150 17th Street N.W., Suite 900
                                               Washington, DC  20036
                                               202.842.3400

                                               Counsel for Defendant Archstone
                                                Communities, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of August 2008, a copy of the foregoing

Memorandum of Points and Authorities in Support of Archstone's Motion to Dismiss, or In the

Alternative, for Summary Judgment, by first-class mail, postage prepaid upon:

      Andrea Peterson
      9700 Commons East Drive
      Apartment I
      Charlotte, NC  28277

      Pro Se Plaintiff

                        /s/ Nancy N. Delogu
                        Nancy N. Delogu

# EXHIBIT
# 1

Correspondence                                                                                          Page 1 of 1

| | |
|---|---|
| From: | Human Resources <hr-archstonecommunities@invalidemail.com> |
| To: | "Andrea Peterson "<a2peterski@aol.com> |
| Cc: | |
| Bcc: | |
| Subject: | Community Manager for Archstone-Smith in the D.C. Metro Area |
| Sent: | Monday, November 6, 2006 |
| Delivery Method: | Email |
| Template Used: | Rejection - Generic Reject Letter I |

Requisition number WAS0004S

Dear Andrea Peterson

Thank you for your interest in Archstone-Smith. We were very impressed with your skills and experience level. However, we had other candidates whose skills more closely matched the requirements for this position.

We will be sure to keep your resume on file for six (6) months, and will contact you if we should have an opening that more closely fits your qualifications. Likewise, please don't hesitate to apply online for any other open positions you feel match your skills and experience.

Thanks again for your interest in Archstone-Smith.

Best regards,
Archstone-Smith
The Recruitment Department
www.archstonesmith.com

# EXHIBIT
# 2

EEOC FORM 131 (5/01)

# U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Human Resources Department<br>Human Resources Director<br>ARCHSTONE-SMITH<br>9200 E. Panorama Circle<br>Suite 400<br>Englewood, CO 80112 | **Andrea Peterson**<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>**570-2007-01959** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act         [ ] The Americans with Disabilities Act

[X] The Age Discrimination in Employment Act   [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by _____ a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____
If you **DO NOT** wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Tram H. Ngo,
CRTIU Supervisor
*EEOC Representative*

*Telephone* **(202) 419-0728**

**Washington Field Office**
**1801 L Street, N.W.**
**Suite 100**
**Washington, DC 20507**

Enclosure(s): [ ] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [X] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER

ISSUES: Hiring

DATE(S) (on or about):  EARLIEST: 10-30-2007   LATEST: 10-30-2007

A copy of perfected charge will follow at a later date.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| January 29, 2008 | Dana Hutter,<br>Director | *Dana R Hutter* |

Enclosure with EEOC
Form 131 (5/01)

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14   Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

# EXHIBIT
# 3

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | **Amended**  **570-2007-01959** |

| D.C. Office Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Andrea Peterson | (312) 208-9401 | 01-23-1943 |

Street Address                          City, State and ZIP Code
P.O. Box 5773, Bethesda, MD 20824

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ARCHSTONE SMITH | 500 or More | |

Street Address                          City, State and ZIP Code
Van Ness South,  3003 Van Ness Street, NW,  Washington, DC 20008

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                          City, State and ZIP Code

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.) | Earliest: **Nov. 2006**   Latest: **10-30-2007**   ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

### AMENDED

In November of 2006, I sent Archstone Smith my resume (and other information) expressing interest in full time or part-time employment for Property Management positions which included Resident Manager, Assistant Resident Manager, Concierge, Leasing Consultant, and Operations Manager. I was invited to attend a Job Fair in November 2006. At the Job Fair, I was interviewed by an Operations Manager who asked that I meet with a more senior manager. The Senior Manager expressed that I had the skill set for a General Manager position and asked my interest. I was subsequently interviewed at an Archstone Smith office for a 400+ unit Resident Manager position. I was not selected for the Resident Manager position but I continued to have telephone and e-mail exchanges with a Human Resources individual for full and part-time positions such as Concierge, Leasing Consultant, Assistant Resident Manager, and Resident Manager.

Upon passing the MD Real Estate exam, I sent a letter to the Human Resources individual to update my (continued on next page)

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

_____
9/18/08
Date          Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 570-2007-01959 |

| | |
|---|---|
| **D.C. Office Of Human Rights** | and EEOC |
| *State or local Agency, if any* | |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

records and upon follow-up, I learned that this individual is no longer with the company. I subsequently had a phone interview with another Human Resources individual. This individual asserted that he would eliminate candidates whose previous salaries were greater than salaries for property management positions he sought to fill. I believe the element of discrimination is high when employment decisions are made, solely based on salary, as it impacts older individuals, individuals who desire to make a career change, or retired persons more disproportionately. Individuals fitting this profile typically are persons who can take salary reduction to do work they enjoy or is more fulfilling whereas a younger person, given their age and therefore less time in the workforce has not had the same opportunity to establish a financial base to allow this type decision. Archstone Smith had and continues to have a significant number of open positions throughout this time period. At the job fair, I observed that Archstone Smith's representatives and the candidates were in a much younger age category and not representative of the tenant population or market.

I believe that I have been discriminated against due to my age, 64, in violation of the Age Discrimination in Employment Act of 1967, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| *2/8/08*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ANDREA PETERSON, | Case No. 08-1326 RWR |
| Plaintiff, | |
| v. | |
| ARCHSTONE COMMUNITIES LLC (Formerly Archstone-Smith Trust), | |
| Defendant. | |

**PROPOSED ORDER**

Upon consideration of Defendant Archstone Communities, LLC's Motion to Dismiss or, in the Alternative, for Summary Judgment, the memorandums in support of and in opposition to the motion, and the entire record herein, it is hereby

ORDERED that Defendant's Motion is GRANTED, and the Complaint is hereby DISMISSED.

Dated: _____          _____
                                        Richard W. Roberts
                                        United States District Judge

**COPIES TO:**

Nancy N. Delogu
S. Libby Henninger
1150 17th Street N.W.
Suite 900
Washington, DC  20036
202.842.3400

Counsel for Defendant Archstone Communities LLC

and

Andrea Peterson
9700 Commons East Drive
Apartment I
Charlotte, NC  28277

Pro Se Plaintiff