# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
ANDREA PETERSON,              )
                              )
              Plaintiff,      )
                              )
        v.                    )        Civil Action No. 08-1326 (RWR)
                              )
ARCHSTONE,                    )
                              )
              Defendant.      )
_____)
```

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action against the corporate entity known as Archstone Communities, LLC ("Archstone") under the Age Discrimination in Employment Act ("ADEA"), *see* 29 U.S.C. § 621 *et seq*., and the District of Columbia Human Rights Act ("DCHRA"), *see* D.C. Code § 2-1401.01, *et seq*., alleging that Archstone discriminated against her in denying her a job. Archstone moves to dismiss or, in the alternative, for summary judgment arguing that plaintiff's complaint was untimely filed and states no claim under the DCHRA, and that she failed to exhaust her administrative remedies regarding her retaliation claims. Because plaintiff failed to pursue her retaliation claims administratively, but her complaint was timely and adequately pleads her remaining DCHRA claims, the motion will be granted in part and denied in part.[1]

---

[1] Also before the Court is plaintiff's Motion for Default Judgment or in the Alternative for Leave to Respond to Defendant['s] Reply to Plaintiff's Opposition to Defendant's Archstone Communities, LLC's Motion to Dismiss or, in the Alternative, for Summary Judgment [#21]. Plaintiff argues that Archstone was served on August 7, 2008, and filed its dispositive motion on August 28, 2008, one day beyond the 20-day time period for the filing of a
(continued...)

## I.  BACKGROUND

Plaintiff, who is over 60 years of age, describes Archstone as "one of the largest

apartment investment companies in the United States," owning "over 57,000 apartment units" in

several locations, including the District of Columbia.  Amd. Compl. ¶ 9.  According to plaintiff,

"[f]orty percent of Archstone[']s portfolio is located in the Washington, DC, Maryland and

Virginia area."  Mem. of P. & A. in Opp'n to Def.'s Mot. to Dismiss or, in the Alternative, for

Summ. J. ("Pl.'s Opp'n"), Affidavit of Andrea Peterson ("Pl.'s Aff.") ¶ 15.

Plaintiff attended a job fair hosted by Archstone in or about November 2006.  Amd.

Compl. ¶¶ 11-12.  An Operations Manager interviewed plaintiff and suggested that she meet a

more senior manager.  *Id.* ¶ 14.  The interview with the senior manager led to an invitation to

Archstone's regional office and an interview with an "Operations Manager for a 400+ unit

---

[1](...continued)
responsive pleading or motion.  *Id.* ¶¶ 2-4.  She further asserts that Archstone's Reply was filed
14 days after service of her opposition, and, therefore, was not filed timely.  *Id.*, ¶¶ 6-7.  She
demands a default judgment or, in the alternative, leave to file a Surreply.  *See id.* ¶ 9.
    Review of the docket shows that two summonses were issued and mailed to Archstone by
certified and registered mail.  *See* Dkt. #4-5.  Archstone submits a copy of its Acknowledgment
of Receipt of Summons and Complaint, which indicates that service of process occurred on
August 8, 2008.  *See* Def.'s Opp'n to Pl.'s Mot. for Default J. or in the Alternative for Leave to
Respond to Def.'s Reply to Pl.'s Opp'n to Def. Archstone Communities, LLC's Mot. to Dismiss
or, in the Alternative, for Summ. J. [#22], Ex. A.  Twenty days after service, then, falls on
August 28, 2008.
    Archstone's Reply was due within five days of service of plaintiff's opposition, with an
allowance of three days where the papers are served by mail.  *See* Fed. R. Civ. P. 6(d); LCvR
7(d).  If the response time is less than 11 days, intermediate Saturdays, Sundays, and legal
holidays are excluded.  *See* Fed. R. Civ. P. 6(a)(2).  October 15, 2008 falls on the eighth day after
service of the opposition on October 2, 2008, because the response time excluded Saturdays,
Sundays, and a legal holiday, Columbus Day, on October 13, 2008.
    The Court concludes that the filing of Archstone's dispositive motion on August 28, 2008
and its reply on October 15, 2008 does not violate the Federal Rules of Civil Procedure or the
local rules of this Court, and, accordingly, there is no valid basis for entering default against
Archstone.  The Court will deny plaintiff's motion.

Resident/Community Manager position in [Herndon,] Virginia." *Id.* ¶ 16; Pl.'s Aff. ¶¶ 6-8.  A

Human Resources recruiter later informed plaintiff that she had not been selected for the

position.  Compl. ¶17.

Undaunted, plaintiff "continued to express her interest in both full and part time positions

for Leasing Consultant, Concierge, Community Manager, Assistant Community Manager,

General Manager, [and] Customer Service Associate," all positions for which she says she was

qualified.  Amd. Compl. ¶ 18; *see id.* ¶¶ 21-26, 29.  Her search extended to positions in

Washington, DC, Maryland and Virginia.  *See id.* ¶¶ 19-20; Pl.'s Aff. ¶ 15.  Plaintiff was not

asked to interview for any position, *id.* ¶¶ 26, 35, and she attributed Archstone's decision not to

hire her to her age, then 64 years.  *See id.* ¶ 5; Pl.'s Aff. ¶ 16.

In July 2007, plaintiff filed a Charge of Discrimination alleging that Archstone

discriminated against her on the basis of her age.  Amd. Compl. ¶ 31.  The Equal Employment

Opportunity Commission ("EEOC") notified Archstone of the filing of the charge on or about

January 29, 2008.  *See* Mem. of P. & A. in Supp. of Archstone Communities, LLC's Mot. to

Dismiss or, in the Alternative, for Summ. J. ("Def.'s Mot."), Ex. 2 (Notice of Charge of

Discrimination, Charge No. 570-2007-01959).  Plaintiff amended the charge on or about

February 18, 2008.  *Id.*, Ex. 3 (Charge of Discrimination, Amended 570-2007-01959).  The

EEOC issued a Notice of Right to Sue on April 17, 2008.  Compl., Ex. (Notice of Right to Sue,

EEOC Charge No. 570-2007-01959).  The Notice advised plaintiff that, if she opted to file a

lawsuit under the ADEA, the suit "**must be filed in federal or state court <u>WITHIN 90 DAYS</u>**

**of [her] receipt of this Notice**." *Id.* (emphasis in original).  On July 21, 2008, plaintiff

submitted her original Complaint and application to proceed *in forma pauperis* to the Clerk of

Court.[2]  Archstone moves under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim or

for summary judgment.

## II.  DISCUSSION

### A.  *Plaintiff Filed Her Complaint Timely*

"A civil action may be brought under this [ADEA] . . . against the respondent named in

the charge within 90 days after the date of the receipt of [the] [Notice of Right to Sue]."  28

U.S.C. § 626(e).  Relying on the date on which plaintiff's Complaint was "filed," Archstone

argues that plaintiff failed to file her Complaint within this 90-day period.  Def.'s Mot. at 4-5.

By its calculation, plaintiff's Complaint is 15 days late, such that her federal claims are time-

barred. *Id.*

Plaintiff states that she received the Notice of Right to Sue on April 25, 2008.  Pl.'s

Opp'n at 1 & Ex. A (date-stamped copy of Complaint).  Review of the Court's docket shows that

the Clerk of Court received plaintiff's Complaint and Application to Proceed Without

Prepayment of Fees and Affidavit on July 21, 2008.  The Court granted the application on July

30, 2008, and both documents officially were filed and entered onto the electronic docket on July

31, 2008.  By the Court's calculation, the ninetieth day after plaintiff's receipt of the Notice fell

on July 24, 2008, three days after plaintiff submitted her original Complaint to the Clerk of

Court.

Plaintiff "is not responsible for the administrative delay associated with the Court's

review of [her] application to proceed *in forma pauperis*."  *Hogue v. Roach*, 967 F. Supp. 7, 9

---

[2]        The Clerk of Court stamped the lower left corner of the first page of the
Complaint and Application to Proceed Without Prepayment of Fees and Affidavit "received" on
July 21, 2008.

(D.D.C. 1997); *see Guillen v. Nat'l Grange*, 955 F. Supp. 144, 145 (D.D.C. 1997) (finding that "the presentation of a complaint accompanied with a petition to proceed in forma pauperis tolls the ninety-day period of limitations contained in the right to sue letter"). The lapse of time between submission of her Complaint to the Clerk and its official filing and entry onto the Court's electronic docket will not be held against her.

The Court concludes that plaintiff filed her Complaint timely.

### B.  Plaintiff's Retaliation Claim Must Be Dismissed

Archstone moves to dismiss plaintiff's retaliation claim under both the ADEA and the DCHRA on the ground that plaintiff did not bring a retaliation claim before the EEOC, and thereby failed to exhaust her administrative remedies before filing the instant complaint.[3] *See* Def.'s Mot. at 5-7.

Generally, a plaintiff cannot bring a retaliation claim in a lawsuit unless she first exhausts her administrative remedies as to that claim. *See* 29 U.S.C. § 626(d) (providing that "[n]o civil action may be commenced by an individual . . . until . . . after a charge alleging unlawful

---

[3]      Archstone also moves to dismiss on the ground that the complaint fails to set out facts establishing a *prima facie* case of retaliation. *See* Def.'s Mot. at 7-8. The Court will deny defendant's motion on this ground. "[A]n employment discrimination plaintiff need not plead a *prima facie* case of discrimination." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002); *see Sparrow v. Am. Airlines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000) (concluding that employment discrimination complaint need not allege all elements of *prima facie* case at initial pleading stage). Rather, consistent with Fed. R. Civ. P. 8(a)(2), a complaint "must include only a short and plain statement of the claim showing that the pleader is entitled to relief," such that it "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citations omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. __, __, 127 S.Ct. 1955, 1973-74 (2007) (noting that a plaintiff need not "allege specific facts beyond  those necessary to state his claim and the grounds showing entitlement to relief") (internal quotation marks and citations omitted).

discrimination has been filed with the [EEOC]").[4]  A subsequent civil action is limited to the

matters addressed at the administrative level.  *See Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C.

Cir. 1995) ("A Title VII lawsuit following the EEOC charge is limited in scope to claims that are

'like or reasonably related to the allegations of the charge and growing out of such allegations.'")

(citation omitted), *cert. denied*, 519 U.S. 811 (1996); *Ivey v. District of Columbia*, 949 A.2d 607,

615-16 (D.C. 2008) ("It is only logical to limit the permissible scope of a civil employment

discrimination action to the scope of the [EEOC] investigation which can reasonably be expected

to grow out of a charge of discrimination.").  Among other benefits, exhaustion gives the

employer "fair notice of the claims against it," *Park*, 71 F.3d at 907, and allows an employer "an

opportunity to handle matters internally whenever possible and to ensure that the federal courts

are burdened only when reasonably necessary." *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir.

1985).  The Court may dismiss a claim when a plaintiff fails to exhaust administrative remedies

before filing a discrimination action. *Rann v. Chao*, 346 F.3d 192, 194-95 (D.C. Cir. 2003)

(affirming the trial court's dismissal of the plaintiff's ADEA claim for failure to exhaust

administrative remedies), *cert. denied*, 543 U.S. 809 (2004).

In this case, both the EEOC's Notice of Charge of Discrimination and plaintiff's Charge

of Discrimination, as amended, indicate that plaintiff alleged only discrimination based on age.

---

[4]      There is a formal work-sharing agreement between the EEOC and the District's
Office of Human Rights, and "filing a formal charge with the EEOC satisfies any requirement to
file a formal charge with the District's [Office of Human Rights], and vice-versa." *Cruz-Packer
v. District of Columbia*, 539 F. Supp. 2d 181, 189 (D.D.C. 2008); *see Fowler v. District of
Columbia*, 122 F. Supp. 2d 37, 42-43 (D.D.C. 2000) (holding that the work-sharing agreement
between the EEOC and the Office of Human Rights allows complainants who file with the
EEOC to litigate DCHRA claims without being required to exhaust administrative remedies
through the Office of Human Rights as well).

*See* Def.'s Mot., Ex. 2-3.  Plaintiff explains that "the retaliation . . . took place after [she] filed the charge with the EEOC," and lists incidents occurring between November 2006 and October 2007.  Pl.'s Opp'n ¶ 3.  However, nothing in the record suggests that plaintiff further amended her Charge of Discrimination to include a retaliation claim.

Because plaintiff did not pursue a retaliation claim at the administrative level, she may not pursue a retaliation claim in this Court.  The retaliation claim, therefore, must be dismissed. *See, e.g., Bailey v. Verizon Commc'ns, Inc.*, 544 F. Supp. 2d 33, 37-38 (D.D.C. 2008) (dismissing for failure to exhaust administrative remedies race and gender discrimination claims where plaintiff checked only the box indicating that she was alleging age discrimination claim under the ADEA on her EEOC claim form); *Alfred v. Scribner Hall & Thompson, LLP*, 473 F. Supp. 2d 6, 9 (D.D.C. 2007) (dismissing age discrimination claim where the EEOC charge alleged only racial discrimination).

### C.  Plaintiff May Proceed Under the District of Columbia Human Rights Act

Archstone moves to dismiss claims brought under the DCHRA asserting that plaintiff has failed to adequately plead a cause of action.  The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. __, __, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A motion under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits; rather, it tests whether a plaintiff properly has stated a claim.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A court considering such a motion presumes the factual allegations of the complaint to be true and construes them liberally

in the plaintiff's favor.  *See, e.g., United States v. Phillip Morris, Inc.,* 116 F. Supp. 2d 131, 135 (D.D.C. 2001).  Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a plaintiff must offer "more than labels and conclusions" to provide "grounds" of "entitle[ment] to relief."  *Twombly*, 127 S.Ct. at 1964-65.  Thus, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 1965 (citations omitted).

Under District of Columbia law, it is unlawful "[t]o fail or refuse to hire . . . any individual" on the basis of her "actual or perceived . . . age."  D.C. Code § 2-1402.11(a). Archstone argues that plaintiff fails to allege a discriminatory practice which occurred in the District of Columbia, and absent "a sufficient nexus with the District in order to provide a District of Columbia court with jurisdiction to adjudicate those claims," Def.'s Mot. at 9, no claims arising under the DCHRA have been pled.  *See id.* at 8-10.

Plaintiff opposes Archstone's "assertion that none of the alleged actions occurred in Washington, DC."  Pl.'s Opp'n ¶ 4.  In her Complaint, she alleges that the "act of discrimination took place when [she] applied for employment in the District of Columbia, State of Maryland and the State of Virginia," Compl. ¶ 7, and repeats in her opposition that she "expressed interest in positions in Maryland, Virginia and the District of Columbia," presumably at any of the Archstone properties "within a reasonable commuting distance from the homeless shelters [in which she] lived for the period of time [she] sought employment with Archstone."  Pl.'s Opp'n ¶ 4 & Ex. B.  She further characterizes this action "as . . . a multijurisdictional case," such that venue in the District of Columbia is proper.  Compl. ¶ 7; *see* Pl.'s Opp'n ¶ 4.  Liberally

construing the allegations of this *pro se* party's amended pleading, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), plaintiff alleges that she applied for positions in the District of Columbia, among other locations, and that Archstone's decision not to hire her for a position in the District of Columbia is an act of discrimination for purposes of the DCHRA.  Case law supports plaintiff's position.

Courts have interpreted the "broad language of the [DCHRA]" to mean that the Act "was intended to cover all discrimination concerning jobs located in the District of Columbia, even if the application and decision to discriminate were made outside the District."  *Green v. Kinney Shoe Corp.*, 704 F. Supp. 259, 260 (D.D.C. 1988); *cf. Honig v. District of Columbia Office of Human Rights*, 388 A.2d 887 (D.C. 1978) (upholding the Office of Human Rights' decision to decline to assume jurisdiction of a case "essentially for lack of a sufficient nexus with the District of Columbia").  Even if plaintiff's job search were not limited to positions at Archstone properties in the District of Columbia, since she does allege discrimination based on Archstone's decision not to hire her for any position in the District of Columbia, her DCHRA claim remains viable.  *See Quarles v. Gen. Inv. & Devel. Co.*, 260 F. Supp. 2d 1, 19-21 (D.D.C. 2003) (concluding that an applicant alleging defendant's discrimination against her by not hiring her for a position at its Washington, DC property may proceed under the DCHRA).

III.  CONCLUSION AND ORDER

The Court concludes that plaintiff filed her complaint timely, that she failed to exhaust administrative remedies with respect to her retaliation claim, and that her age discrimination claim may proceed under the DCHRA.  Therefore, it is hereby

ORDERED that defendant Archstone's motion to dismiss or for summary judgment [Dkt.

#7] is GRANTED IN PART.  Plaintiff's retaliation claims under the Age Discrimination in Employment Act and the District of Columbia Human Rights Act are DISMISSED.  In all other respects, the motion is DENIED.  It is

FURTHER ORDERED that plaintiff's motion for default judgment and for leave to file a surreply  [Dkt. #21] is DENIED.

SO ORDERED.

Signed this 27th day of February, 2009.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge