UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREA PETERSON,            )<br>                                            )<br>            Plaintiff,           )<br>                                            )<br>       v.                              )<br>                                            )<br>ARCHSTONE,                   )<br>                                            )<br>            Defendant.         )<br>                                            ) | Civil Action No. 08-1326 (RWR) |

## MEMORANDUM OPINION

On October 6, 2009, this matter was referred to Magistrate Judge Alan Kay for the purpose of resolving the parties' discovery disputes. As of November 18, 2009, there were 11 discovery-related motions pending, and both parties had requested a hearing on one or more of their respective motions. On October 14, 2009, Magistrate Judge Kay entered a Minute Order granting Archstone's request for an emergency hearing [Dkt. # 65], setting the hearing on October 23, 2009, at 2:00 p.m. in Courtroom 7, at which time he would hear arguments on Archstone's emergency motion to quash deposition notices and for a protective order [Dkt. # 65], its motion to compel plaintiff's deposition and for sanctions [Dkt. # 59], and on plaintiff's motion for a protective order [Dkt. # 62], which was construed as plaintiff's opposition to Archstone's motion to compel her deposition and for sanctions. Magistrate Judge Kay rescheduled the hearing at plaintiff's request [Dkt. # 68] for November 3, 2009, at 10:30 a.m. in Courtroom 7. On November 2, 2009, he entered a minute order to confirm that the hearing would proceed on the following day as scheduled. Archstone's counsel appeared; plaintiff did not. On November 23,

2

2009, the Court issued an order to show cause why this civil action should not be dismissed for plaintiff's failure to prosecute.

Plaintiff represents that she "neither arbitrarily nor brazenly disregarded the Court Order" setting the November 3, 2009 motions hearing. Pl.'s Resp. to Court Order to Show Cause ("Pl.'s Resp.") ¶ 2. She states that she "was surprised by the Order" because, at that time, she believed that her motions for a change of venue and for Magistrate Judge Kay's recusal [Dkt. # 69] were still pending and believed they operated to suspend all proceedings and to cancel the hearing. *Id*. ¶ 4; *see id.* ¶¶ 11, 17. Plaintiff is mistaken, as neither belief has any basis in fact or law. The undersigned denied plaintiff's motion to change venue [Dkt. # 71] and Magistrate Judge Kay denied her motion for recusal on October 23, 2009 [Dkt. # 72], eleven calendar days before the scheduled motions hearing. Although plaintiff filed a notice of intent to seek reconsideration of these rulings [Dkt. # 73] on October 26, 2009, she did not file her motion for reconsideration until November 10, 2009 [Dkt. # 78], seven days after the scheduled hearing. Moreover, plaintiff cites to no rule, statute, case or order that filing a motion to change venue or for recusal or filing a notice of intent to seek reconsideration operates to suspend or cancel a hearing ordered by the court. To the contrary, Magistrate Judge Kay issued a minute order on November 2, 2009, to confirm that the November 3, 2009 hearing was to take place as scheduled.

Further, plaintiff represents that she "made multiple efforts to obtain clarification" by contacting the undersigned's current and former Courtroom Deputy Clerks, Magistrate Judge Kay's Courtroom Deputy Clerk, and Magistrate Judge Kay's chambers staff on November 2 and November 3, 2009. Pl.'s Resp. ¶¶ 5, 14. In addition, plaintiff represents that she "placed a courtesy call to defendant['s] counsel" on November 2, 2009, " to advise her that it was doubtful

3

that plaintiff would be traveling from the New York area to Washington, DC for a hearing at 10:30 a.m. the following morning." *Id.* ¶ 15. Plaintiff "respectfully submits that [she] has followed the required court procedures" by making "multiple efforts to obtain clarification that the case was suspended" such that she "did not . . . willfully disregard the court set hearing." *Id.* ¶ 17.

Plaintiff's attempts to obtain "clarification" by contacting court staff do not excuse her absence. The relevant court orders set and confirmed a motions hearing for November 3, 2009, before Magistrate Judge Kay in Courtroom 7, and no court order directed otherwise. Nothing in plaintiff's response to the order to show cause or in the docket of this case reflects any attempt by plaintiff to obtain leave not to appear in person at the November 3, 2009 motions hearing. Her failure to appear inconvenienced the Court and caused the opposing party to incur costs associated with its appearance.

"The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (citations and internal quotation marks omitted); *see* Local Civil Rule 83.23 (authorizing dismissal of a civil action for failure to prosecute either on an adverse party's motion or on the Court's own motion). Accordingly, the order to show cause will be discharged and this civil action will be dismissed for plaintiff's failure to prosecute. All pending motions will be denied as moot.

An Order accompanies this Memorandum Opinion.

Signed this 4th day of January, 2010.

/s/
RICHARD W. ROBERTS
United States District Judge