UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ANDREA PETERSON,                        )
                                        )
            Plaintiff,              )
                                        )
      v.                                )   Civil Action No. 08-1326 (RWR)
                                        )
ARCHSTONE,                              )
                                        )
            Defendant.              )
_____ )

## MEMORANDUM AND ORDER

Andrea Peterson filed an action here alleging that Archstone illegally refused to hire her because of her age.  Peterson moved to New York and apparently either was unwilling or was unable to be deposed in the District of Columbia.  Archstone filed a motion to compel Peterson's deposition and for sanctions, and Peterson responded by filing a motion for a protective order and for leave
to conduct the deposition by videoconference.  In the meantime, Peterson attempted to depose two former Archstone employees by written questions, and Archstone promptly filed an emergency motion to quash the deposition notices.  In addition, Archstone filed a motion to compel Peterson's responses to its First Set of Interrogatories and First Set of Requests for Production of Documents, and in that motion also sought sanctions.  The EEOC also moved to quash Peterson's subpoena duces tecum.

These discovery-related motions might have been resolved had Peterson appeared for a hearing on November 3, 2009 before Magistrate Judge Kay to whom the discovery dispute had been referred on October 6, 2009.  As a sanction for Peterson's unexcused failure to appear, the

Court dismissed this action for failure to prosecute. Peterson appealed, and the court of appeals has vacated the dismissal. On remand, the parties were directed to address what sanctions, if any, should attend Peterson's failure to appear at the hearing on November 3, 2009, before Magistrate Judge Kay.

At the parties' request, this matter was referred to the Circuit Executive for mediation, and all proceedings were stayed during the mediation period. The Court ordered the appointment of counsel to represent Peterson for the limited purpose of mediation, and the objectives of mediation included both discovery disputes and settlement of the entire case. Several attempts were made to find an attorney willing and able to take the case, but these attempts were unsuccessful. No mediation session ever took place. Peterson since has filed motions to lift the stay, for appointment of counsel, and for summary judgment. Archstone filed a cross-motion for summary judgment. The parties' cross-motions are fully briefed and ripe for resolution.

Two observations about this case are in order. First, notwithstanding Peterson's failure to appear at the November 3, 2009, hearing before Magistrate Judge Kay and her responses (or lack of responses) to Archstone's discovery requests, sanctions in the form of attorney fees or costs would be harsh and likely ineffective. The Court accepts Peterson's representations that her failure to appear was the result of a misunderstanding and did not rise to the level of a willful violation of a court order. Moreover, Peterson is proceeding *pro se* and *in forma pauperis*. The Court found that she was unable to pay the filing fee, and she reports she has been unemployed and homeless for some years. Second, at this stage of the proceedings, it is unclear what benefit, if any, can be gained by either having the parties engage in further discovery or by referring the

parties to a Magistrate Judge or independent mediator for further settlement discussions.  The parties have seen fit to file dispositive motions, and the Court's task is to rule on them.[1]

Accordingly, it is hereby

ORDERED that Archstone's Motion for Sanctions [Dkt. #97] is DENIED; it is further

ORDERED that Peterson's Emergency Motion to Lift Stay [Dkt. #104] is DENIED; it is further

ORDERED that Peterson's Motion for Court Order on pending motions [Dkt. #106] is DENIED in part as moot; it is further

ORDERED that Archstone's Motion to Strike [Dkt. #115] is DENIED; it is further

ORDERED that Peterson's Motion to Exceed Page Limits [Dkt. #116] is GRANTED; it is further

ORDERED that Archstone's Motion for an Extension of Time to Respond to Plaintiff's Motion for Summary Judgment [Dkt. #118] is GRANTED; it is further

ORDERED that Plaintiff's Motion for Counsel [Dkt. #123] is DENIED; and it is further

ORDERED that Plaintiff's Motions for Clarification [Dkt. #125, 126] are DENIED as moot.

Signed this 25th day of September, 2012.

RICHARD W. ROBERTS
United States District Judge

---

[1] In light of Peterson's status as a *pro se* litigant, Archstone's motion to strike Peterson's summary judgment motion will be denied, Peterson's motion for leave to file excess pages will be granted, and her motions to clarify Local Civil Rule 7(e) regarding page limits will be denied as moot.