UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLUMBIA

---

Andrea Peterson

    Plaintiff

    v.

Archstone Communities, LLC

CASE NO. 08-1326(RWR)

---

### CIVIL NOTICE OF APPEAL

Andrea Peterson, plaintiff pro se in the above action hereby on this 1st day of March 2013 pursuant to Federal Rules of Appellate Procedure Rule 4(a) respectfully appeals to the United States Court of Appeals from Judge Roberts February 27, 2013 Order, Dkt. No. 137 that denied plaintiff Motion for Summary Judgment and granted defendant Cross Motion for Summary Judgment.

Plaintiff further moves the court for <u>expedited appeal</u>, and for <u>emergency injunctive relief</u> pending plaintiffs' appeal of the district court's order that denied plaintiffs' Motion for Summary Judgment and plaintiff Motion for Order to Show Cause with Temporary Restraining Order.

"Pursuant to 28 U.S.C. § 1657, ... [appeals will be expedited] in an action

seeking temporary or preliminary injunctive relief.").[1] Such expedited treatment is mandatory. Moreover, under D.C. Circuit Rule 27(f), the Court may expedite consideration of an appeal where, as here, "delay will cause irreparable injury" and "the decision under review is subject to substantial challenge." D.C. Circuit Handbook, § VIII.B at 34.

In support, provide case references, and to demonstrate that plaintiff meets the standards for injunctive relief plaintiff restates ¶¶ 7 and 8 and also ¶¶ one (1) to twenty six (26) of the Section titled, Plaintiff Meets The Standards For Injunctive Relief, from plaintiff Writ of Mandamus Case No. 13-5054, filed on February 5, 2013.  The Writ filed pursuant to Rule 21 was to compel the District Court to Act, decide the two (2) unresolved motions, plaintiff Motion for Summary Judgment and plaintiff Motion for Order to Show Cause with temporary Restraining Order that the Court denied on February 27, 2013. Plaintiff proposes the following expedited briefing schedule and Hearing date(s).

Counsel appointed by March 8, 2013

Plaintiff Brief due March 15, 2013

Defendant Brief due March 22, 2013

Oral Hearing on April 1, 2013

---

[1] *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1084 n.8 (D.C. Cir. 2001) ("[U]nder 28 U.S.C. § 1657(a), the granting or denying of a preliminary injunction is the basis for an expedited appeal.")

Plaintiff was granted in forma pauperis status.  Pursuant to 28 U.S.C. Section 1915(e), which provides that this court may request an attorney to represent any person unable to afford counsel, plaintiff requests counsel.

As discussed in Poindexter v. Federal Bureau Of Investigation, 737 F.2d 1173 plaintiff meets the standards for appointment of counsel.  Plaintiff last Motion for Counsel, Dkt. No. 123, discussed that plaintiff meets the standards.  On September 26, 2012 the court denied plaintiff motion.  In support of this request for counsel, plaintiff requests the court consider plaintiff financial hardship and irreparable harm discussed in plaintiff Writ for Mandamus, Case No. 13-5054, and Motion for Order to Show Cause, Dkt. No. 132.[2]

Citing this Court again in Poindexter v. Federal Bureau Of Investigation, 737 F.2d 1173, "While the provision (reference to 42 U.S.C. Sec. 2000e-5(f)(1) (1976)) gives plaintiffs a right to request representation, Hilliard v. Volcker, 659 F.2d 1125, 1129 & n. 26 (D.C.Cir.1981), it does not create a statutory right to have counsel actually appointed….The only plausible reason for enactment of the provision was Congress' recognition that some

---

[2] Neither district courts nor the judicial system as a whole are well served by the failure of appellate courts to articulate as clearly as possible what will be expected of the district court. In this vein, we take note of the substantial number of recent cases in which an appellate court has been compelled to reverse a district court's failure to appoint counsel, see Bradshaw v. Zoological Soc'y, 662 F.2d 1301 (9th Cir.1981); Jones v. WFYR Radio/RKO General, 626 F.2d 576 (7th Cir.1980) (per curiam), overruled, Randle v. Victor Welding Supply Co., 664 F.2d 1064 (7th Cir.1981); Luna v. International Ass'n of Machinists & Aerospace Workers Local # 36, 614 F.2d 529 (5th Cir.1980), or to remand for reconsideration on this issue. See Neal v. IAM Local Lodge 2386, 722 F.2d 247 (5th Cir.1984); Jenkins v. Chemical Bank, 721 F.2d 876 (2d Cir.1983); Caston v. Sears, Roebuck & Co., 556 F.2d 1305 (5th Cir.1977)

civil rights claimants with meritorious cases would be unable to obtain counsel. The district court's reasoning would render the statutory provision for appointment of counsel nugatory; the provision for appointment of counsel would be wholly unnecessary if all meritorious claims attracted retained counsel."

"Congress' belief in the importance of attorney appointment in appropriate cases is also apparent in the legislative history of the Equal Employment Opportunity Act of 1972. Although "Congress amended 42 U.S.C. Sec. 2000e-5 extensively, [it] retained the appointment provision in its original language." Hilliard, 659 F.2d at 1128 n. 24. The House Report observed: By including this provision in the bill, the committee emphasizes that the nature of Title VII actions more often than not pits parties of unequal strength and resources against each other. The complainant, who is usually a member of a disadvantaged class, is opposed by an employer who not infrequently is one of the nation's major producers, and who has at his disposal a vast array of **resources** and legal talent.[3]"

"Finally, a court ought to consider the plaintiff's ability to present the case adequately. As a general matter, it should be recognized that plaintiffs usually will be seriously disadvantaged if they must proceed pro se and,

---

[3] See, e.g., Maclin v. Freake, 650 F.2d 885, 888 (7th Cir.1981) (per curiam) (In cases "where the only evidence presented to the factfinder consists of conflicting testimony ... it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross examination.") (28 U.S.C. Sec. 1915(d) (1982))

therefore, trial courts should be aware that refusing to appoint counsel may be tantamount to denying them a day in court."

The court in Tabron v. Grace, 6 F.3d 147 stated, "In conjunction with the consideration of the plaintiff's capacity to present his or her case, the court must also consider the difficulty of the particular legal issues.  The court "should be more inclined to appoint counsel if the legal issues are complex." *Hodge, 802 F.2d at 61*.   As the Seventh Circuit stated in Maclin, "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." *650 F.2d at 889*".

Plaintiff filing of motions does not demonstrate that plaintiff has sufficient skills to survive summary judgment without legal representation.  In Ficken v. Alvarez, 146 F. 3d 978 - Court of Appeals, Dist. of Columbia Circuit 1998, the court stated; "Plaintiffs who file perfectly adequate complaints and respond well to motions to dismiss might be entirely unable to handle discovery or respond to motions for summary judgment. Even pro se plaintiffs with sufficient skills to survive summary judgment are unlikely to be able to try a case".

Plaintiff objective is equal representation, and resources somewhat similar to defendant.

Respectfully submitted,

/s/ Andrea Peterson
_____   March 1, 2013
Andrea Peterson
P.O. Box 79351
Atlanta, Georgia 30357
917-504-6858